IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | MISC. NO. 17-367 |
| LACEY E. TILLEY, | ) | Related to CRIM. NO. 07-290 |
| Defendant, | ) | |
| | ) | |
| STEVE GABER, TRUSTEE FOR PENN WINDOW AND OFFICE CLEANING CO. PROFIT SHARING and PENN WINDOW AND OFFICE CLEANING CO. EMPLOYEES' PENSION PLAN, and its successors and assigns, | ) | |
| Garnishee. | ) | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge.

On June 6, 2017, defendant Lacey E. Tilley ("Tilley" or "defendant") filed a pro se Notice, which set forth several objections to a writ of garnishment (Misc. No. 07-367, ECF No. 3). The government filed a response on June 28, 2017 (Misc. No. 07-367, ECF No. 4). Tilley's objections to garnishment will be overruled because, as more fully explained below, the government's garnishment efforts are appropriate.

Factual and Procedural Background

On April 15, 2011, Tilley pleaded guilty to one count of mail fraud. The court sentenced him to 110 months of incarceration, three years of supervised release and ordered him to pay restitution in the amount of $468,517.47. To date, Tilley has not made any restitution payments,

but because other jointly and severally liable defendants have made some payments, Tilley's outstanding restitution balance is currently $439,138.30.

The government discovered that Tilley had a vested interest in a profit sharing plan and an employee pension plan administered by Penn Window and Office Cleaning Company, a victim of Tilley's fraud. On May 9, 2017, the government filed an application for a writ of garnishment directed to Steve Gaber as trustee for Penn Window and Office Cleaning Company Profit Sharing Plan and Employees' Pension Plan ("Garnishee") (Misc. No. 07-367, ECF No. 1). On May 11, 2017, the court accepted the government's application and issued a writ of garnishment. The government subsequently served the writ on the Garnishee and served Tilley with instructions for objecting to the Garnishee's answer and obtaining a hearing on the objections. Tilley received a copy of the writ of garnishment with instructions on May 16, 2017. On May 31, 2017, the Garnishee filed an answer confirming that about $15,580.00 was being held for Tilley in a pension plan and profit sharing plan (Misc. No. 07-367, ECF No. 2).

On June 6, 2017, Tilley filed a Notice to the court, raising objections to the writ of garnishment (Misc. No. 07-367, ECF No. 3). Tilley objects that the writ impermissibly altered or increased his sentence. *Id.* He also questions the validity of the new civil action against him. *Id.* Tilley contends that he has a right to be appointed counsel, and he "asserts his right to be present in the courtroom." *Id.* Tilley requests that the court "not schedule any proceedings" before July 14, 2017, because he is being transferred to a halfway house in Akron, Ohio. Finally, Tilley requests that the case be transferred to the Northern District of Ohio. *Id.*

Legal Analysis

    *A. Jurisdiction*

    "[U]nder 18 U.S.C. § 3664(m)(1)(A), the Government may enforce a restitution order in the manner provided by subchapter B of Chapter 229, or 18 U.S.C. § 3613." *United States v. Shusterman*, 331 F. App'x 994, 996 (3d Cir. 2009). Sections 3613(a) and (f) provide that the United States may enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." In this case, the government complied with the federal law procedures for subjecting a defendant to a writ of garnishment set forth in 28 U.S.C. § 3205, which allows the government to "apply for a writ of garnishment, and the court may issue the writ and a disposition order." *Shusterman*, 331 F. App'x at 996. Thus, "the District Court ha[s] jurisdiction to issue the garnishment order." *Id.*

    With respect to Tilley's request to transfer venue, "venue is proper and judicial resources are conserved where the garnishment proceedings are before the same court which tried the underlying crime." *United States v. O'Rourke*, No. 2:10-CR-00235, 2011 WL 3035394, at *3 (D.N.J. July 25, 2011). Although Tilley will be transferred to a halfway house in Ohio, the case is more efficiently heard in this court because it is the sentencing court and a hearing will not be ordered. In *United States v. Castanon*, No. 10-237, 2012 WL 1432554 (D.N.J. April 24, 2012) (rejecting challenge to writ of garnishment), the court denied a similar request to transfer venue to the district where the defendant was incarcerated and explained: "there is no inconvenience because a hearing is not necessary."[1] *Id*. at *3.

---

[1] The court notes that Tilley has a pending motion to transfer venue in his criminal case to the Northern District of Ohio. (Crim. No. 07-290, ECF No. 218).

3

*B. Enforcement of Sentence*

Tilley argues that the writ of garnishment alters or enhances his sentence. This contention shows a clear misunderstanding of his plea agreement and sentence, especially with respect to his outstanding restitution. As previously stated, § 3613 allows the government to utilize civil means "for the enforcement of an order of restitution." 18 U.S.C. § 3613(a) and (f). The writ of garnishment is a lawful remedy to collect Tilley's outstanding restitution imposed by the sentencing court and is not an alteration or increase in his past sentence.

In addition, Tilley's plea agreement explicitly states, "[t]his agreement does not preclude the government from pursuing any civil or administrative remedies against Lacey Tilley or his property." (Crim. No. 07-290, ECF No. 46). Tilley signed the agreement on July 22, 2009, acknowledging that he read and discussed the agreement and all its provisions with his lawyer. *Id*. The court found Tilley competent and accepted his plea of guilty pursuant to the terms of the plea agreement as knowing and voluntary. (Plea Hearing Tr., ECF No. 89). In sum, the government's garnishment efforts are appropriate.

*C. Right to Appointment of Counsel*

The Sixth Amendment to the Constitution states that "[i]n all *criminal* prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for this defense." U.S. Const. amend. VI (emphasis added). Several courts of appeals have held that because a writ of garnishment is a civil action "collateral to the underlying criminal conviction, [defendant] did not possess a right to counsel derived from the Sixth Amendment." *United States v. Cohan*, 798 F.3d 84, 89-90 (2d Cir. 2015); *see United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (holding there is no right to counsel in a civil proceeding regarding the Federal Debt Collection Procedures Act); *United States v. Lee*, 504 F. App'x 505, 507 (7th Cir. 2013) ("Garnishment

proceedings are civil, not criminal, . . . and civil litigants normally do not have the right to appointed counsel."). No contrary authority was found and the court has no basis to disagree with those decisions. Tilley's motion will be denied in its entirety and there will be no ongoing legal proceedings that require assistance of counsel. In sum, the court declines to appoint counsel for Tilley.

*D. Hearing*

Pursuant to 28 U.S.C. § 3202(d), a judgment debtor must request a hearing within twenty days of receiving an enforcement notice described in § 3202(b). Issues at a hearing are statutorily limited to the following:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>     (A) the probable validity of the claim for the debt which is merged in the judgment; and
>     (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

Tilley could also object and request a hearing within twenty days of receiving the answer of the Garnishee. 28 U.S.C. § 3205(c)(5). The requirements for a hearing in § 3205 are similar to § 3202—the objecting party "shall state the grounds for the objection and bear the burden of proving such grounds." *Id.* The government correctly notes that Tilley's Notice did not object to, or even address, the Garnishee's answer.

Tilley did not explicitly request a hearing. Instead, he merely asked that no proceeding be scheduled prior to July 14, 2017 (Misc. No. 17-367, ECF No. 3). In any event, a hearing is not warranted in this case. Tilley does not contend that an exemption would apply and does not

5

identify a statutory requirement with which the government failed to comply. "In garnishment proceedings, the Defendant bears the burden of establishing that his property is exempt." *United States v. King*, No. 08-66-01, 2012 WL 1080297 (E.D. Pa. Apr. 2, 2012) (citing 28 U.S.C. § 3014(b)(2); *United States v. Value Investments, Inc.*, No. 97– 153, 1998 WL 229758 at *3 (E.D. Pa. Apr.29, 1998)).

As explained in *King*, Congress granted the government broad powers to enforce restitution obligations in the Mandatory Victims Restitution Act ("MVRA") in response to the Supreme Court's decision in *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990) (noting that Congress would have to create an exception to ERISA's anti-alienation protections). *King*, 1998 WL 229758 at *3-6. The MVRA applies "notwithstanding any other Federal law," 18 U.S.C. § 3613(a), and supersedes the protections against garnishment provided in ERISA. *Id*. The government, therefore, is entitled to recover the corpus of retirement accounts. *Id*. at *3 (citing *Shusterman*, 331 F. App'x 994). Tilley's pension plan and profit sharing plan are not exempt from garnishment by the government to satisfy his restitution obligation.

Tilley did not state a valid ground for a hearing. *See, e.g.*, *United States v. Campbell*, No. 16-51545, 2016 WL 7385727, at *2 (E.D. Mich. Dec. 21, 2016) ("If a defendant/debtor does not raise either of the statutorily permissible issues in [a] request for a garnishment hearing, the request should be denied."). Under these circumstances, the court must decline to hold a hearing in this case.

Conclusion

Tilley's objections to the writ of garnishment are without merit and will be OVERRULED. The government may proceed with garnishment. An appropriate order will be entered.

July 14, 2017

BY THE COURT:
*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MISC. NO. 17-367 |
| | ) | |
| | ) | RELATED TO CRIM. NO. 07-290 |
| vs. | ) | |
| | ) | |
| LACEY E. TILLEY, | ) | |
| | ) | CHIEF JUDGE JOY FLOWERS CONTI |
| Defendant, | ) | |
| | ) | |
| STEVE GABER, TRUSTEE FOR PENN | ) | |
| WINDOW AND OFFICE CLEANING | ) | |
| CO. PROFIT SHARING and PENN | ) | |
| WINDOW AND OFFICE CLEANING | ) | |
| CO. EMPLOYEES' PENSION PLAN, | ) | |
| and its successors and assigns, | ) | |
| | ) | |
| Garnishee. | ) | |

**ORDER**

AND NOW, this 14th day of July, 2017, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that Lacey Tilley's objections set forth in Defendant's Notice to the Court (Misc. No. 07-367, ECF No. 3) are DENIED.

                BY THE COURT:
                */s/ Joy Flowers Conti*
                Joy Flowers Conti
                Chief United States District Judge